1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

TRINITY FRUIT COMPANY, INC., *a California Corporation*,

No.  1:19-cv-00095-DAD-EPG

12

Plaintiff,

13

v.

ORDER DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING

14

LA ROSA & SONS DISTRIBUTING LLC, *a California Limited Liability Company*, et al.,

(Doc. No. 29)

15

16

Defendants.

17

18

19          Plaintiff Trinity Fruit Company, Inc.'s first amended complaint, which was filed on

20     February 8, 2019, alleges that plaintiff brings this action to enforce the trust provisions of section

21     5(c)(5) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5) against

22     represented defendants La Rosa & Sons Distributing LLC, Michael J. La Rosa, and Noel La

23     Rosa, as well as *pro se* defendant Lora M. Villarreal.  (Doc. No. 7 at 2.)

24          On May 21, 2019, plaintiff and defendant Villarreal filed a stipulation and application for

25     a final order and judgment.  (Doc. No. 22.)  The stipulation provided that plaintiff's claims

26     against defendant Villarreal would be satisfied pursuant to a payment of $13,506.35 in monthly

27     installments of $100.00, commencing on May 30, 2019 and ending when the payment is made in

28     full.  (*See* Doc. No. 22 at 1–2.)  The stipulation also provided the following in relevant part:

1

1
2
3
4
5
6
7
8

> In the event that Villarreal defaults in her payment obligations as set forth in Paragraph 2 above, and Villarreal either fails to cure such default or is not allowed to cure such default pursuant to Paragraph 3 above, then upon the filing with the Court of a declaration as to such default by Plaintiff's attorney, with a copy to Villarreal via email at jazantonalex@gmail.com, this Court shall immediately enter a Final Order and Judgment in a form substantially similar to the one attached hereto as <u>Exhibit A</u>.   The judgment amount prescribed in the Final Order and Judgment in favor of Plaintiff and against Villarreal shall be the amount of the PACA Trust Debt prescribed in Paragraph 1 above plus any additional attorneys' fees and costs incurred by Plaintiff as a result of Villarreal's default, plus all interest accrued at the rate of 18% *per annum*, less any payments made to Plaintiff pursuant to this Stipulation and Order.

9
10
11
12
13
14
15

(*Id.* at ¶ 4.)  The parties requested that the court retain jurisdiction over this action to enforce the terms and conditions of the final judgment against defendant Villareal.  (*Id.* at ¶ 9.)  On June 12, 2019, the court issued an order giving effect to the parties' stipulation, dismissing defendant Villareal, and retaining jurisdiction over enforcement of the settlement agreement.  (Doc. No. 25.) Following defendant Villareal's dismissal, the remaining parties filed a stipulation and proposed order for dismissal without prejudice on June 14, 2019.  (Doc. No. 26.)  The court gave effect to that stipulation on June 25, 2019, and the action was administratively closed.  (Doc. No. 27.)

16
17
18
19
20
21
22
23
24
25
26
27
28

On March 2, 2020, plaintiff filed an application for entry of final order and judgment against defendant Villareal.  (Doc. No. 29.)  Attached to plaintiff's filing is the declaration of plaintiff's counsel C. Russell Georgeson (Doc. No. 31), which states the following.  Defendant Villarreal made payments to plaintiff in July, August, September, and October 2019 totaling $400.00.  (*Id.* at ¶ 8; *see also* Doc. No. 31, Ex. B.)  Defendant then failed to make the payments due in November 2019 through January 2020.  (Doc. No. 31 at ¶ 8.)  On January 24, 2020, plaintiff's PACA counsel sent a notice of default to defendant Villareal as contemplated by the parties' stipulated resolution of this action.  (*Id.* at ¶ 9; Doc. No. 31, Ex. C.)  The default notice requested that defendant pay the overdue sum within three days of the date of the demand and reminded defendant that a failure to cure would result in plaintiff immediately seeking entry of judgment against her.  (Doc. Nos. 31 at ¶ 9; 31, Ex. C.)  Defendant Villareal responded stating that she would mail a check numbered "436" for $300.00 to plaintiff by the following Monday. (Doc. Nos. 31 at ¶ 9; 31, Ex. C.)  Subsequently, defendant's check was returned by her bank for

1   insufficient funds.  (Doc. No. 31 at ¶ 10; *see also* Doc. No. 31, Ex. D.)  Plaintiff advised

2   defendant of the returned check and, on February 7, 2020, asked if it could redeposit the check.

3   (Doc. No. 31 at ¶ 10.)  Defendant stated she would send a money order on February 19, 2020.

4   (*Id.*)  The promised money order never arrived, and as of March 2, 2020, defendant remained in

5   default.  (*Id.*; *see also* Doc. No. 31, Ex. E.)

6          The court has reviewed plaintiff's filing and directs plaintiff to file supplemental briefing

7   addressing the following issues:

8          1.    Documentation demonstrating that plaintiff satisfied the condition that defendant

9                Villareal be served the Georgeson Declaration (Doc. No. 31), as set forth in the

10               May 21, 2019 stipulation (*see* Doc. No. 22 at ¶ 4);

11         2.    A clear and updated amount of the judgment sought with supporting

12               documentation;[1] and

13         3.    An updated status of defendant Villareal's default since plaintiff filed the

14               application for entry of final order and judgment on March 2, 2020.

15   /////

16   /////

17   /////

18   /////

19   /////

20   /////

21

22   _____

23   [1]  The Georgeson Declaration states that "[s]ince the commencement of this case, Plaintiff has
     incurred attorneys' fees and expenses from its PACA counsel in the sum of $10,203.57."  (Doc.
24   No. 31 at ¶ 11; *see also* Doc. No. 31, Ex. F.)  The declaration also provides that "[s]ince the
     commencement of this case, Plaintiff has incurred attorneys' fees and expenses from [attorney
25   Georgeson's] firm, acting as local counsel, in the sum of $3,477.43."  (Doc. No. 31 at ¶ 12; *see
     also* Doc. No. 31, Ex. G.)  However, the parties stipulated that the judgment amount would
26   include "any additional attorneys' fees and costs incurred by Plaintiff *as a result of Villarreal's
     default*."  (Doc. No. 22 ¶ 4) (emphasis added).  Thus, plaintiff's requested judgment amount, as
27   reflected in the Georgeson Declaration, appears to be overinclusive.  Additionally, plaintiff shall
     update the judgment amount to account for interest accrued since filing the application for entry
28   of final order and judgment on March 2, 2020.

1    Plaintiff shall file a brief responsive to these issues, with a copy served to defendant

2  Villarreal via email at jazantonalex@gmail.com, by no later than January 25, 2021.

3  Subsequently, defendant Villarreal may respond to plaintiff's application for entry of final order

4  and judgment by no later than February 8, 2021.

5  IT IS SO ORDERED.

6    Dated:   **January 15, 2021**

7                                              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28