UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINITY FRUIT COMPANY, INC., *a California Corporation*,<br><br>Plaintiff,<br><br>v.<br><br>LA ROSA & SONS DISTRIBUTING LLC, *a California Limited Liability Company*, et al.,<br><br>Defendants. | No. 1:19-cv-00095-DAD-EPG<br><br>ORDER GRANTING APPLICATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT LORA VILLARREAL<br><br>(Doc. No. 29) |

    Plaintiff Trinity Fruit Company, Inc.'s first amended complaint, which was filed on February 8, 2019, alleges that plaintiff brings this action to enforce the trust provisions of section 5(c)(5) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5) against represented defendants La Rosa & Sons Distributing LLC, Michael J. La Rosa, and Noel La Rosa, as well as *pro se* defendant Lora Villarreal. (Doc. No. 7 at 2.)

    On May 21, 2019, plaintiff and defendant Villarreal filed a stipulation and application for a final order and judgment. (Doc. No. 22.) The stipulation provided that plaintiff's claims against defendant Villarreal would be satisfied pursuant to a payment of $13,506.35 in monthly installments of $100.00, commencing on May 30, 2019 and ending when the payment is made in full. (*See* Doc. No. 22 at 1–2.) The stipulation also provided the following in relevant part:

> In the event that Villarreal defaults in her payment obligations as set forth in Paragraph 2 above, and Villarreal either fails to cure such default or is not allowed to cure such default pursuant to Paragraph 3 above, then upon the filing with the Court of a declaration as to such default by Plaintiff's attorney, with a copy to Villarreal via email at jazantonalex@gmail.com, this Court shall immediately enter a Final Order and Judgment in a form substantially similar to the one attached hereto as Exhibit A.  The judgment amount prescribed in the Final Order and Judgment in favor of Plaintiff and against Villarreal shall be the amount of the PACA Trust Debt prescribed in Paragraph 1 above plus any additional attorneys' fees and costs incurred by Plaintiff as a result of Villarreal's default, plus all interest accrued at the rate of 18% *per annum*, less any payments made to Plaintiff pursuant to this Stipulation and Order.

(*Id.* at ¶ 4.)  The parties requested that the court retain jurisdiction over this action to enforce the terms and conditions of the final judgment against defendant Villareal. (*Id.* at ¶ 9.)  On June 12, 2019, the court issued an order giving effect to the parties' stipulation, dismissing defendant Villareal, and retaining jurisdiction over enforcement of the settlement agreement.  (Doc. No. 25.) Following defendant Villareal's dismissal, the remaining parties filed a stipulation and proposed order for dismissal without prejudice on June 14, 2019.  (Doc. No. 26.)  The court gave effect to that stipulation on June 25, 2019, and the action was administratively closed.  (Doc. No. 27.)

On March 2, 2020, plaintiff filed an application for entry of final order and judgment against defendant Villareal.  (Doc. No. 29.)  Attached to plaintiff's filing is the declaration of plaintiff's counsel C. Russell Georgeson (Doc. No. 31), which states the following.  Defendant Villarreal made payments to plaintiff in July, August, September, and October 2019 totaling $400.00.  (*Id.* at ¶ 8; *see also* Doc. No. 31, Ex. B.)  Defendant Villarreal then failed to make the payments due in November 2019 through January 2020.  (Doc. No. 31 at ¶ 8.)  On January 24, 2020, plaintiff's PACA counsel sent a notice of default to defendant Villareal as contemplated by the parties' stipulated resolution of this action.  (*Id.* at ¶ 9; Doc. No. 31, Ex. C.)  The default notice requested that defendant Villareal pay the overdue sum within three days of the date of the demand and reminded defendant that a failure to cure would result in plaintiff immediately seeking entry of judgment against her.  (Doc. Nos. 31 at ¶ 9; 31, Ex. C.)  Defendant Villareal responded stating that she would mail a check numbered "436" for $300.00 to plaintiff by the following Monday.  (Doc. Nos. 31 at ¶ 9; 31, Ex. C.)  Subsequently, defendant Villarreal's check

was returned by her bank for insufficient funds. (Doc. No. 31 at ¶ 10; *see also* Doc. No. 31, Ex. D.) Plaintiff advised defendant Villarreal of the returned check and, on February 7, 2020, asked if it could redeposit the check. (Doc. No. 31 at ¶ 10.) Defendant Villarreal stated she would send a money order on February 19, 2020. (*Id.*) The promised money order never arrived, and as of March 2, 2020, defendant Villarreal remained in default. (*Id.*; *see also* Doc. No. 31, Ex. E.)

On January 15, 2021, the court directed the parties to submit supplemental briefing providing additional information regarding service of the Georgeson Declaration (Doc. No. 31) on defendant Villareal, an updated amount of the judgment sought with supporting documentation, and an updated status of defendant Villareal's default since plaintiff had filed the application for entry of final order and judgment on March 2, 2020. (Doc. No. 32.) On January 25, 2021, plaintiff's counsel attorney Gregory Brown submitted a supplemental declaration and exhibits. (Doc. No. 33.) To date, defendant Villareal has not responded to the application for entry of final order and judgment or to the court's request for supplemental briefing, or otherwise communicated with the court in any way whatsoever.[1]

In attorney Gregory Brown's declaration, he states that due to a clerical error, plaintiff mistakenly served defendant Villarreal by United States mail, rather than electronic email as required by the parties' May 21, 2019 stipulation. (*Id.* at ¶ 3; *see also* Doc. No. 22 at ¶ 4.) Plaintiff submits that this error should not be fatal to their application to enter judgment because defendant Villarreal confirmed receiving the application by email on March 5, 2020. (Doc. No. 33 at ¶ 3; Doc. No. 33, Ex. A.) Therein, defendant Villarreal stated that she would be seeking an attorney for further assistance and would forward attorney Brown's information accordingly. (Doc. No. 33, Ex. A.) Attorney Brown states that as of January 25, 2021, he has not heard any further from defendant Villarreal or from any representative on her behalf. (Doc. No. 33 at ¶ 3.)

Additionally, attorney Brown states that plaintiff mistakenly included lead counsel's total fees in the case when filing the application for entry of final order and judgment. (*Id.* at ¶ 4.) In

---

[1] On January 25, 2021, attorney Georgeson filed a certificate of service, in which he certifies that the Brown Declaration and exhibits thereto were served on counsel for defendants Michael J. La Rosa and Noel La Rose by email and on defendant Villarreal by email and United States mail. (Doc. No. 34.)

3

the May 21, 2019 stipulation, however, the parties had stipulated that the judgment amount would include "any additional attorneys' fees and costs incurred by Plaintiff *as a result of Villarreal's default*." (*See* Doc. No. 22 ¶ 4) (emphasis added).  Attorney Brown states that since the filing of the May 21, 2019 stipulation, plaintiff has incurred *de minimis* additional attorneys' fees expenses, which plaintiff will waive. (Doc. No. 33 at ¶ 4.)  Nonetheless, since plaintiff filed the application for entry of final order and judgment on March 2, 2020, additional interest has accrued at a daily rate of approximately $13.32, for a total additional interest of $4,382.72.  (*Id.* at ¶ 5.)  Attached to the Brown Declaration is an updated damages calculation reflecting the updated interest calculation.  (*Id.*, Ex. B.)  Attorney Brown states that defendant Villarreal has not paid any portion of the debt except as credited in plaintiff's prior application, nor any further sums pursuant to the May 21, 2019 stipulation.  (*Id.* at ¶ 6.)  Plaintiff therefore requests that the court enter judgment against defendant Villarreal in the amount of $23,990.42 under the trust provisions of PACA.  (*Id.* at ¶ 7.)  Attorney Brown states that this total judgment amount includes the principal amount of $13,506.35, less the $400.00 defendant Villarreal paid pursuant to the May 21, 2019 stipulation, plus accrued interest through January 22, 2021 in the aggregate amount of $10,884.07.  (*Id.*)

The court will grant plaintiff's application for entry of judgment, but subject to a modification of plaintiff's requested judgment amount.  The district court is afforded discretion in its calculation of prejudgment interest.  *See Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998) ("A district court's award of pre- and post-judgment interest is reviewed for abuse of discretion.").  Here, the May 21, 2019 stipulation stated that the judgment amount would include "all interest accrued at the rate of 18% *per annum*." (Doc. No. 22 at ¶ 4.)  The updated damages calculation attached to the Brown Declaration calculates interested accrued as interest on the *entire* debt to be collected from all defendants—not just defendant Villarreal's portion of the debt.  (*See* Doc. No. 33, Ex. B.)  Considering defendant Villarreal's *pro se* litigant status, the court finds that an interest calculation based upon plaintiff's reading of the May 21, 2019 stipulation would not comport with principles of fairness.  Rather, the court finds that a calculation of interest accrued solely on defendant Villarreal's portion of the debt embodies a

4

fairer reading of the parties' stipulation.  As such, the court will enter judgment against defendant Villarreal in the amount of $18,548.38:  the principal amount ($13,506.35) plus interest ($5,442.03), less what defendant has already paid ($400.00).

Accordingly,

1. Plaintiff Trinity Fruit Company, Inc.'s application for entry of final order and judgment against defendant Lora Villarreal (Doc. No. 29) is granted;

2. Plaintiff is a qualified trust creditor and beneficiary, under the provisions of PACA, of defendant Lora Villarreal for a debt in the principal amount of $13,506.35, plus interest at the rate of 18 percent *per annum* in the amount of $5,442.03, less the $400.00 she has paid, for a total judgment amount of $18,548.38 under the trust provisions of PACA, 7 U.S.C. § 499e(c);

3. Defendant Villarreal shall within five (5) business days of service of this order, turnover any and all funds realized from the sale of produce or products derived from produce in their possession to McCarron & Diess, attorneys for plaintiff, located at 576 Broadhollow Road, Suite 105, Melville, New York, 11747, for distribution to plaintiff;

4. Any and all funds belonging to defendant Villarreal in the possession of third parties shall be immediately turned over to McCarron & Diess, attorneys for plaintiff, located at 576 Broadhollow Road, Suite 105, Melville, New York, 11747, for distribution to plaintiff;

5. Defendant Villarreal shall supply to plaintiff's attorney, within five (5) days of the date of this order, any and all documents in her possession, custody or control with reflect or relate to her assets and liabilities, including but not limited to her most recent income tax returns, pay stubs and checking and savings account statements; and

/////

/////

1    6.     The Clerk of the Court is directed to close this case which was previously
2           administratively closed.

IT IS SO ORDERED.

Dated:   **February 20, 2021**                     /s/ Dale A. Drozd
                                             UNITED STATES DISTRICT JUDGE